Filed 4/17/25  In re D.P. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re D.P. et al., Persons Coming Under the Juvenile Court Law. | B336318 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No.  22CCJP04769A-C) |
| Plaintiff and Respondent, | |
| v. | |
| E.P., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Pete R. Navarro, Temporary Judge.  Dismissed.

Suzanne Davidson, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, Navid Nakhjavani, Principal Deputy County Counsel, for Plaintiff and Respondent.

E.P. (father) appeals from the juvenile court's order for monitored visits at a 12-month review hearing under Welfare and Institutions Code, section 366.21, subdivision (f),[1] with his three children, D.P. (born November 2013), J.P. (born August 2015), and Ju.P. (born January 2018) (collectively, minors). Because the juvenile court subsequently terminated jurisdiction over the matter and entered letters of guardianship, we dismiss father's appeal as moot.

**FACTUAL AND PROCEDURAL BACKGROUND**

This appeal follows two prior appeals where father unsuccessfully sought to challenge the juvenile court's jurisdiction and disposition orders (*In re D.P.* (Nov. 16, 2023, B326267) [dismissal order under *In re Phoenix H.* (2009) 47 Cal.4th 835]) and an order that minors remain removed from father's custody at the six-month review hearing (*In re D.P.* (Oct. 30, 2024, B331753) [nonpub. opn.]). Our unpublished opinion affirming the court's orders at the six-month review hearing contains a thorough review of the family's history, as well as father's relationship and interactions with respondent Los Angeles County Department of Children and Family Services (Department) and with all three children for the first six months of the dependency proceeding. Rather than repeating the information, we incorporate our prior opinion by reference.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

After the six-month review hearing in July 2023, there is evidence that at least some of father's visits were split between monitored and unmonitored time, and the Department's recommendation on whether father's visits with minors should be monitored or unmonitored varied over time. By January 8, 2024, however, father had monitored visits only. On January 10, 2024, the Department filed a last minute information report attaching father's mental health evaluation and recommended terminating father's reunification services. The evaluation concluded that father had significant psychological and psychiatric problems that had a strong likelihood of interfering with his parenting capacity.

At the twelve-month review hearing on January 25, 2024, the court denied father's request for unmonitored visits, instead ordering monitored visits while also giving the Department discretion to liberalize father's visits. On March 25, 2024, father filed a notice of appeal, challenging the orders from the January 25, 2024 hearing.

On February 5 and 6, 2025, after appellate briefing was complete, the juvenile court entered orders terminating jurisdiction over the dependency proceeding and appointing maternal grandmother and maternal aunt as minors' legal guardians.[2] The orders provided that father would have weekly visits with minors, monitored by paternal grandmother. Father filed a separate appeal challenging the February 2025 orders, and briefing has not yet commenced in that appeal.

---

[2] On our own motion, we take judicial notice of the February 2025 orders and father's subsequent notice of appeal of those orders. (Evid. Code, §§ 452, subd. (d), 459.)

## DISCUSSION

"A case becomes moot when events ' "render[ ] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant him any effect[ive] relief." ' [Citation.] For relief to be 'effective,' two requirements must be met. First, the plaintiff must complain of an ongoing harm. Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks. [Citation.]" (*In re D.P.* (2023) 14 Cal.5th 266, 276.) "Even when a case is moot, courts may exercise their 'inherent discretion' to reach the merits of the dispute." (*Id.* at p. 282.) Although "no single factor is necessarily dispositive of whether a court should exercise discretionary review of a moot appeal," (*id.* at p. 286) appellate courts often reach the merits when a juvenile court's jurisdictional findings could have consequences for the appellant beyond jurisdiction, or when a challenged finding "is based on particularly pernicious or stigmatizing conduct." (*Id.* at pp. 285–286.)

On April 1, 2025, we provided the parties an opportunity to address whether we should take judicial notice of the court's February 2025 orders terminating jurisdiction and placing minors under legal guardianship and find father's current appeal moot. Father and the Department both filed letter briefs agreeing that father's appeal was moot. Father argued that we should nevertheless exercise our discretion to review the merits of his appeal. The Department argued that there is no reason for this court to exercise its discretion, noting that father has already filed a separate appeal of the court's February 2025 orders.

4

We agree that father's current appeal of the order denying monitored visitation is moot in light of the juvenile court's subsequent orders terminating jurisdiction and placing minors under legal guardianship. Even if we were to reach the merits and agree with father's arguments on appeal, an order reversing the January 25, 2024 order would have no practical effect because the court no longer has jurisdiction, and the guardianship orders continue to grant father monitored visits. In addition, we have considered the factors bearing on discretionary review of moot questions identified in *In re D.P., supra*, 14 Cal.5th at pages 286 through 287 and decline to exercise our discretion here.

## DISPOSITION

Father's appeal is dismissed.
NOT TO BE PUBLISHED.

MOOR, J.

WE CONCUR:

HOFFSTADT, P. J.

KIM (D.), J.

5